IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
COY L. SHELTON,                    )
                                   )
              Plaintiff,           )
                                   )
     v.                            )
                                   )  Civil Action No. 11-75J
MICHAEL J. ASTRUE,                 )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
              Defendant.           )
```

MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of August, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act, IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on April 9, 2007, alleging disability beginning on June 19, 2006, due to hepatitis C, dyslexia and seizures. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on May 6, 2008. On May 29, 2008, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on July 8, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education through a general equivalency degree, was 53 years old at the time of the ALJ's decision and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d), 416.963(d). Plaintiff has past relevant work experience as an asbestos removal worker, a blow mold operator and a packer, but he has not engaged in substantial gainful activity at any time since his alleged onset date of disability.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of hepatitis C, coronary artery disease, hypertension, asthmatic bronchitis, vision problems, a history of a learning disorder, and a history of alcohol and substance abuse, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with additional non-exertional limitations. Plaintiff is limited to occupations that do not require bilateral visual acuity, depth perception, balancing, exposure to dangerous machinery or unprotected heights, climbing ladders, ropes and scaffolds, more than occasional feeling with the left upper extremity, and concentrated exposure to fumes, odors, dusts, gases, chemical irritants or an environment with poor ventilation. In addition, plaintiff is limited to simple, routine and repetitive tasks that are not performed in a fast-paced production environment and that involve only simple work-related decisions and relatively few work place changes. Further, plaintiff is limited to work that does not require prolonged reading for content and comprehension or mathematical calculations. Finally, plaintiff requires work that does not

involve the handling, sale or preparation of food, alcoholic beverages or access to narcotic drugs, and he is precluded from working in the medical field (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to perform other work that exists in significant numbers in the national economy, such as a laundry folder, hand packer, laborer or sorter/grader. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his

impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5 of the sequential evaluation process because: (1) he gave inadequate weight to the opinion of plaintiff's treating neurologist; (2) he failed to consider plaintiff's exemplary work record and thus improperly evaluated plaintiff's credibility; and (3) he posed an inadequate hypothetical question to the vocational expert. The court finds that these arguments lack merit.

First, plaintiff argues that the ALJ failed to give appropriate weight to the opinion of his treating neurologist, Dr. Joseph Clark. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §§404.1527(c)(2), 416.927(c)(2). Under this standard, the

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider his ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

ALJ properly determined that Dr. Clark's opinion should be given only minimal weight. (R. 29).

Dr. Clark indicated on a form report entitled "Treating Physician Evaluation for Coy Shelton" that plaintiff is unable to perform even sedentary work. (R. 393). In addition, Dr. Clark indicated on the form report that plaintiff would require frequent rest breaks throughout the workday, and he would miss 10 to 15 days of work per month because of his condition. (R. 392).

As the ALJ explained in his opinion, Dr. Clark's restrictive assessment of plaintiff's capabilities on the form report is contradicted by his own treatment notes, which indicated plaintiff's physical and neurological examinations were generally normal. (R. 365-66, 370-71, 377-78, 380-81, 383-84). In addition, Dr. Clark's restrictive assessment of plaintiff's functional ability was further contradicted by objective medical tests, including a motor nerve and sensory nerve study and a magnetic resonance angiography ("MRA") of plaintiff's neck that indicated normal results, and an MRA of the Circle of Willis, which is a circle of arteries that supply blood to the brain, that showed no aneurysm or vascular malformations and only some inflammatory changes. (R. 363-64, 374-75).

The ALJ also correctly noted that Dr. Clark's opinion was undermined by plaintiff's activities of daily living. Although plaintiff disagrees with the ALJ's characterization of his daily activities, the record confirms that plaintiff is able to drive, cut grass with a riding lawn mower, run errands, assist with some

household chores such as taking out the trash, repairs and paying bills, and he also takes short walks, visits with relatives and watches television (R. 87, 89, 90-91, 429-33, 435).

Based on the foregoing, this court concludes that Dr. Clark's own treatment notes, as well as plaintiff's activities of daily living, contradict his opinion that plaintiff is unable to perform even sedentary work. Therefore, the court finds that the ALJ correctly determined Dr. Clark's opinion was entitled to only minimal weight. (R. 29).

Plaintiff next contends that the ALJ did not properly assess his credibility because he failed to consider his exemplary employment record. Relying on Dobrowolsky v. Califano, 606 F.2d 403 (3d Cir. 1979), plaintiff argues that a claimant with a long work history is entitled to substantial credibility regarding his description of his work capabilities. After reviewing the record, the court concludes that the ALJ properly evaluated plaintiff's credibility in accordance with the regulations.

A claimant's subjective complaints of pain and other symptoms must be supported by objective medical and other evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, in assessing plaintiff's credibility, the ALJ considered all of the relevant evidence in the record, including the medical

evidence, plaintiff's activities of daily living, the extent of plaintiff's treatment, plaintiff's own statements about his symptoms and reports by his physicians about his symptoms and how they affect him. See 20 C.F.R. §§404.1529(c)(1)-(3), 419.929(c)(1)-(3); Social Security Ruling 96-7p. The ALJ then determined that plaintiff's conditions could be expected to produce some of the symptoms he alleged, but his subjective complaints regarding the limiting effect of his symptoms were not credible to the extent they were inconsistent with the RFC Finding. (R. 25). This court finds that the ALJ adequately explained the basis for his credibility determination, and is satisfied that such determination is supported by substantial evidence.

Plaintiff's specific contention that the ALJ did not properly assess his credibility because he failed to consider plaintiff's exemplary work record lacks merit. While it is true that the testimony of a claimant with a long work history may be given substantial credibility concerning his claimed limitations, see Dobrowolsky, 606 F.2d at 409, work history is only one of many factors an ALJ may consider in assessing a claimant's subjective complaints. 20 C.F.R. §§404.1529(c)(3), 416.929(c)(3). Indeed, a claimant's work history alone is not dispositive of the question of his credibility, and an ALJ is not required to equate a long work history with enhanced credibility. See Christl v. Astrue, 2008 WL 4425817, *12 (W.D.Pa. September 30, 2008).

Here, the ALJ clearly was aware of plaintiff's work history

and referred to it in his decision when he determined that plaintiff could not perform his past relevant work.[2] (R. 29-30). It likewise is clear from the ALJ's decision that he considered the record as a whole in assessing plaintiff's credibility as discussed above. An exemplary work history in and of itself is insufficient to overcome the substantial evidence supporting the ALJ's credibility determination, thus a remand of this case is not warranted.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert was inadequate because it relied upon an RFC Finding that did not incorporate certain work-related limitations identified by Dr. Clark. This argument essentially repeats plaintiff's contention that the ALJ gave inadequate weight to Dr. Clark's opinion, an argument which already has been rejected for reasons explained above.

An ALJ's hypothetical question to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). In this case, the ALJ's hypothetical accounted for all of plaintiff's work-related limitations that were supported by the evidence of record and incorporated into the RFC Finding. Accordingly, the ALJ did not err in relying on the

---

[2]The court also notes the ALJ acknowledged at the administrative hearing that plaintiff had "generally steady earnings records," which in the ALJ's opinion "enhances the credibility of his subjective allegations." (R. 456). This statement by the ALJ indicates he was well aware of plaintiff's work history and considered it as a positive factor in evaluating plaintiff's credibility.

vocational expert's testimony to conclude that plaintiff can perform other work that exists in the national economy.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

                                                      *Gustave Diamond*
                                                      Gustave Diamond
                                                    United States District Judge

cc:   Lindsay Fulton Osterhout, Esq.
      521 Cedar Way
      Suite 200
      Oakmont, PA 15139

      Stephanie L. Haines
      Assistant U.S. Attorney
      319 Washington Street
      Room 224, Penn Traffic Building
      Johnstown, PA 15901